

**U.S. Department of Justice**
United States Attorney

Eastern District of Louisiana

---

Tracey N. Knight
*Assistant United States Attorney*

The Poydras Center
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130

Telephone: 504-680-3080

July 8, 2020

Honorable Greg G. Guidry
United States District Court Judge
500 Poydras Street
New Orleans, Louisiana 70130

Re:   *United States v. Cajan Welding & Rentals, Ltd.*
      Criminal Docket No. 20-CR-61

Dear Judge Guidry:

In compliance with the holding of <u>Bryan v. United States</u>, 492 F.2d 775 (5th Cir. 1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the U.S. Attorney's Office of the Eastern District of Louisiana and the Antitrust Division ("the Government") wishes to acknowledge the following agreement between the Government and Cajan Welding & Rentals, Ltd. (hereinafter the "Company" or "defendant"), in the above-captioned proceeding. Defendant's undersigned counsel, Lester Gauthier, has reviewed the terms of this agreement and has been advised by the Company that the Company fully understands the terms of this agreement.  By order dated August 29, 2017, case number 17-C-3994-B in the 27th Judicial District Court in St. Landry Parish, Louisiana, attached hereto, Benjamin Trant was appointed temporary receiver ("Receiver") of the defendant.  The Company, by and through the Receiver, has authorized its representatives to enter into this plea agreement on the Company's behalf.

The Company agrees to waive its right to be indicted by grand jury and will enter a plea of guilty to Count One of an Information charging it with participating in a conspiracy to defraud the United States government in violation of 18 U.S.C. § 371. The facts constituting this violation shall be more thoroughly described in a mutually acceptable Factual Basis submitted herewith. The Government has agreed that should the Court accept the defendant's plea of guilty to Count One of the Information, the Government agrees that it will not bring any other charges against the Company in the Eastern District of Louisiana relating to the defendant's actions in furtherance of a conspiracy to defraud the United States in connection with subcontracts for the Department of Energy Strategic Petroleum Reserve from approximately February 2002 until October 2016, as long as the defendant has truthfully informed law enforcement officials of the full and complete details of those crimes prior to the guilty plea in this case. The Company and Government agree and stipulate that the Eastern District of Louisiana is an appropriate venue for entry of a plea by the Company to the Bill of Information. The Company understands that nothing within this specific agreement shall be construed to release the defendant from any possible related or consequential

AUSA _____
Defendant _____
Defense Counsel _____

civil or administrative liability or sanctions. This plea agreement does not bind any other federal, state, or local prosecuting authority.

The Company understands that the punishment range for this offense is a sentence of probation of not less than one year nor more than five years pursuant to Title 18, United States Code, Section 3561. The Company further understands that the maximum fine is $500,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

Further, the Company understands that a mandatory special assessment fee of $400.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. The special assessment must be paid on the date of sentencing. Failure to pay the special assessment may result in the plea agreement being void.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code, may apply. To the extent any restitution is ordered by the Court, the Company agrees that it will be non-dischargeable in any bankruptcy proceeding and that the Company will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

The Company understands its rights:

a. to be represented by an attorney;

b. to be charged by Indictment;

c. to plead not guilty to any criminal charge brought against it;

d. to have a trial by jury, at which it would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

e. to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

f. to appeal its conviction if it is found guilty; and

g. to appeal the imposition of sentence against it.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the Company, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, assuming it is accepted by the Court, knowingly and voluntarily:

a. waives and gives up any right to appeal or contest its guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under

AUSA _____
Defendant _____
Defense Counsel _____

any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of its sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b. waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which its sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to defendant's sentence and judgment;

c. waives and gives up any right to challenge its sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind; but

d. defendant specifically does not waive, and retains the right to bring, a direct appeal of any sentence imposed in excess of the statutory maximum. Defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

The Company further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A, and the Company acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous, or in bad faith.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum sentence and fine allowed by law, including the imposition of probation. The defendant is also aware that in determining a fair and just sentence, the Court has the authority and discretion, pursuant to Title 18, United States Code, Sections 3553 and 3661 and the United States Sentencing Guidelines, to consider any and all "relevant conduct" that the defendant was involved in, the nature and circumstances of the offenses, and the history and characteristics of the defendant.

The parties have entered into this plea agreement under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure with the understanding that the Court is not bound by the parties' recommendation. Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the parties recommend, as the appropriate disposition of this case, that the Court impose a sentence requiring the defendant to pay to the United States a criminal fine of $400,000 payable in full before the fifteenth (15th) day after the date of judgment, and no order of restitution ("the recommended sentence"). The parties agree that they will not present evidence or arguments to the Court in opposition to the sentencing

AUSA _____
Defendant _____
Defense Counsel _____

recommendation or request a departure or variance from the recommended sentence. If the Court imposes a sentence that differs from any portion of the plea agreement, the Company does not have the right to withdraw from the plea agreement.

In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive its rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws the decision to plead guilty, the guilty plea is later withdrawn or otherwise set aside, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings. In addition, the defendant agrees that, if it withdraws its guilty plea, the statute of limitations period for any offense referred to in this plea agreement will be tolled for the period between the date of signature of this plea agreement and the date the defendant withdrew its guilty plea or for a period of sixty (60) days after the date of signature of this plea agreement, whichever period is greater.

The Company agrees that it will cooperate fully and truthfully with law enforcement authorities by producing to the United States all documents, information, and other materials, wherever located, not protected under the attorney-client privilege or the work-product doctrine, in the possession, custody, or control of the defendant, that are requested by the United States in connection with any federal proceeding, and making current representatives or employees available at the defendant's expense for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any federal proceeding.

The Company agrees that the monetary penalties will be non-dischargeable in any bankruptcy proceed and that the Company will not seek or cause to be sought a discharge or a finding of dischargeability as to this obligation.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

AUSA
Defendant
Defense Counsel

The defendant understands that the statements set forth above represent defendant's entire agreement with the Government and that there are no other agreements, letters or notations that will affect this agreement.

Very truly yours,

PETER G. STRASSER
UNITED STATES ATTORNEY

_____  8/20/20
TRACEY KNIGHT                    (Date)
Assistant United States Attorney

_____  8/20/20
MEGAN LEWIS                      (Date)
Assistant Chief, Washington Criminal II Section
Antitrust Division

_____  7/14/20
LESTER GAUTHIER                  (Date)
Attorney for the Defendant

_____  7/14/20
BENJAMIN TRANT, Receiver         (Date)
Duly Authorized Corporate Representative
for Cajan Welding & Rentals, Ltd.
Defendant

AUSA _____
Defendant _____
Defense Counsel _____